1

2                                                    The Honorable John C. Coughenour

3                                                    FILED
                                                     LODGED          ENTERE,
4                                                                    RECEIVED

5                                                    DEC 12 2000

6                                                    CLERK U.S. DISTRICT COURT
                                                     AT SEATTLE
                                                     DISTRICT OF WASHINGTON

7                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

10   DONNA VIZCAINO, et al.,

              Plaintiffs,                    No. C93-0178C

11                                           ORDER PRELIMINARILY APPROVING
         v.                                  CLASS ACTION SETTLEMENT
12

13   MICROSOFT CORPORATION, et al.,

              Defendants.
14

15   REBECCA HUGHES, et al.,

              Plaintiffs,                    No. C98-1646C
16
         v.
17

18   MICROSOFT CORPORATION, et al.,

              Defendants.

19

20       Having considered the joint motion of Plaintiffs and Defendants for preliminary approval of

21   their Class Action Settlement Agreement and Plaintiffs' counsel's application for an award of

22   attorney's fees, as well as related documents submitted for the Court's review and approval, it is

23   hereby ORDERED:

24       1.      **Proposed Settlement and Notice.**  The proposed settlement between the Named

25   Plaintiffs, the class, and the Defendants appears, upon preliminary review, to be a fair and

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 1

ORIGINAL


1  reasonable compromise of the claims in the above-entitled actions. The Court finds that

2  transmission by mail of the notice in substantially the form attached hereto as Attachment A to all

3  members of the Class who can be ascertained with reasonable effort, and publication of the notice

4  substantially in the form attached hereto as Attachment B twice in the Seattle Times, The News

5  Tribune, and the San Francisco Examiner will satisfy the requirements of Federal Rule of Civil

6  Procedure 23 and Due Process with respect to all Class Members.

7  2.    **Attorney's Fees.** Class counsel's application for attorney's fees appears, on

8  preliminary review, to be within the range of reasonableness.

9  3.    **Exclusion.** Class Members may exclude themselves from the Class by receipt with

10  the Clerk of the Court c/o Microsoft Settlement Administrator by January 26, 2001 a written request

11  for exclusion, such written request to be signed, dated, and notarized or certified under penalty of

12  perjury.

13  4.    **Hearing.** A hearing shall be held in the Courtroom of the Honorable John C.

14  Coughenour, United States District Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104, at

15  9:30 a.m., on Tuesday, February 27, 2001, to consider whether the settlement should be given final

16  approval.

17  (a)    Objections by class members (who do not timely elect to exclude themselves)

18  to the proposed settlement will be considered if filed in writing with the Clerk and with the

19  parties' attorneys on or before January 26, 2001.

20  (b)    At the hearing, class members may be heard in support of or in opposition to

21  the settlement, provided such persons file with the Clerk by January 26, 2001, and with the

22  parties' counsel a written notification of the desire to appear personally, indicating (if in

23  opposition to the settlement) briefly the nature of the objection.

24

25

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 2

(c) Counsel for the class and for the defendants should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

5. **Notice**.

(a) The parties to the proposed settlement shall by December 22, 2000 cause to be mailed in the name of the Clerk by first class mail, postage prepaid, to members of the class who can be identified through reasonable efforts, a notice in substantially the same form as Attachment A.

(b) Notice of the proposed settlement (and of the rights of class members to object to the settlement) shall also be given by publication in substantially the same form as Attachment B.

6. **Settlement Administrator**. The Court approves the appointment of Poorman-Douglas, Inc. to administer the process for the mailed and published notices and collecting requests for exclusion, as provided in the parties' Settlement Agreement.

7. **List of Persons Requesting Exclusion**. The Settlement Administrator will file with the Clerk (with a copy to each party's attorney) by February 5, 2001 an affidavit identifying the persons who have requested exclusion, together with copies of their written requests. The Settlement Administrator will provide requests for exclusion to the parties' counsel as provided in the parties' Settlement Agreement.

8. The Settlement Administrator will file with the Clerk (with a copy to each party's attorney) by February 16, 2001, an affidavit (a) identifying the persons to whom notice has been mailed and who have not timely requested exclusion, and (b) describing the steps the Settlement Administrator has taken to comply with the notice procedures required by this order.

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 3

1     Dated this _____ day of December, 2000.

2

3

4                                        JOHN C. COUGHENOUR
                                         United States District Judge

5

6     Presented by:

7     PRESTON GATES & ELLIS LLP

8

9     By _____
         Fredric C. Tausend, WSBA # 03148
10    Attorneys for Defendants

11

      Presented by:

12    BENDICH, STOBAUGH & STRONG

13

14    By _____
         David F. Stobaugh, WSBA #6096
15       Stephen K. Strong, WSBA #6299
16    Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

      ORDER PRELIMINARILY APPROVING
      CLASS ACTION SETTLEMENT - 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| DONNA VIZCAINO, *et al.*, | ) | NO. C93-0178C |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| REBECCA HUGHES, *et al.*, | ) | No. C98-1646C |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING

**TO:**

**ALL INDIVIDUALS WHO, DURING THE PERIOD FROM DECEMBER 29, 1986
THROUGH JUNE 30, 2000, HAVE PROVIDED PERSONAL SERVICES TO
MICROSOFT WHILE CLASSIFIED AS EMPLOYEES OF THIRD-PARTY
EMPLOYMENT AGENCIES OR INDEPENDENT CONTRACTORS.**

**THIS SUMMARY NOTICE IS TO TELL YOU ABOUT A PROPOSED
SETTLEMENT OF THE ABOVE CLASS ACTIONS AS A RESULT OF WHICH
YOU MAY BE ENTITLED TO A MONETARY PAYMENT.  THIS PROPOSED
SETTLEMENT MAY AFFECT YOUR RIGHTS.  PLEASE READ THIS
COMPLETE NOTICE CAREFULLY.**

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 1

**YOU ARE NOTIFIED THAT:**

1.     A proposed Settlement has been reached between the Class and the Defendants. The Defendants are Microsoft Corporation ("Microsoft"), various Microsoft employee benefit plans, and an administrator of certain Microsoft benefit plans. The Court has granted preliminary approval to this proposed Settlement.

2.     Records indicate that you may be a member of the Class (a "Class Member") in the Litigation described in this notice. If you wish to remain in the Class and receive any monetary payment to which you may be entitled under the Settlement, you do not need to take any action at this time. You may be sent a claim form at a later date and be required to complete and submit such a form in order to receive any monetary payment to which you may be entitled under the Settlement.

3.     If you wish to object to the proposed Settlement or any portion of it, or to the proposed Plan of Distribution, or to Class Counsel's requests for attorneys' fees or reimbursement of expenses, you must do so by January 26, 2001 as instructed in Section VI of this Notice.

4.     You may, if you wish, be excluded from the Class and the Settlement. To exclude yourself from the Class and the Settlement, you must write and request to be excluded as instructed in Section V of this Notice. Your written request to be excluded must be received by January 26, 2001.

5.     A hearing on whether the proposed Settlement should be finally approved, on whether the proposed Plan of Distribution should be approved, and on whether Class Counsel's request for attorneys' fees and reimbursement of expenses should be granted,

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 2

and other matters, will be held at 9:30 a.m. on February 27, 2001, at the Courtroom of the Honorable John C. Coughenour at the United States District Court for the Western District of Washington, U.S. Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104.

## I.  NATURE AND STATUS OF THE LAWSUITS

1.      The proposed Settlement is made pursuant to Federal Rule of Civil Procedure 23(e) to settle two related cases, *Vizcaino v. Microsoft Corp.*, U.S.D.C., W.D. Wash. No. C93-178C ("*Vizcaino*"), a class action, and *Hughes v. Microsoft Corp.*, U.S.D.C., W.D. Wash. No. C98-1646C ("*Hughes*"), a putative class action. Collectively, the *Vizcaino* and *Hughes* cases are referred to as the "Litigation." The individuals who brought the *Vizcaino* and *Hughes* cases are referred to as the "Named Plaintiffs" in this notice.

2.      The *Vizcaino* case was filed on December 29, 1992 in state court and was transferred to federal court on February 9, 1993. The *Vizcaino* Named Plaintiffs claimed they were Microsoft employees under the common law and were eligible to participate in Microsoft's Employee Stock Purchase Plan ("ESPP"), the Microsoft Savings Plus 401(k) Plan ("SPP"), and other Microsoft employee benefit plans, and to receive paid leave, including sick leave, holidays and vacation. They sought declaratory relief, injunctive relief, benefits, damages, and attorney fees and costs. The *Hughes* case, filed in 1998, alleged claims similar to the *Vizcaino* case.

3.      In 1994, the District Court ruled that the *Vizcaino* Plaintiffs and the Class were not eligible to participate in any of Microsoft's employee benefit plans or programs. The Named Plaintiffs appealed as to the claims for ESPP and SPP benefits. The Ninth Circuit Court of Appeals reversed the District Court with respect to the ESPP claim and

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 3

remanded the SPP claim for further administrative review. *Vizcaino v. Microsoft*, 120 F.3d 1006 (9th Cir. 1997), *modifying* 97 F.3d 1187 (9th Cir. 1996), *cert. denied*, 522 U.S. 1098 (1998).

      4.     The ESPP permits employees of Microsoft to purchase Microsoft stock at a discounted price during consecutive six-month offering periods commencing January 1 and July 1 of each year. Eligible employees enroll in the ESPP by authorizing a payroll deduction of 2%, 4%, 6%, 8%, or 10% of their base pay, which is paid into the ESPP during each ESPP period. At the end of each ESPP period, Microsoft issues to each participant the number of whole shares that can be purchased with the participant's payroll deductions, at a discount price. The ESPP discount price is 85% of the lower of the market price on the first or the last day of each period. Alternatively, a participant may, at any time before the end of the ESPP period, elect to purchase no shares and have the full payroll deduction returned, without interest. Individuals who fail to work through the end of an ESPP period have their deferrals returned in cash and receive no stock.

      5.     The Court has ruled that the measure of damages for the Class Members' ESPP claims should be based on the assumption that eligible plaintiffs received stock at the discounted price in each offering period and held it for one year. Pending but unresolved as of the date of the Settlement Agreement is Microsoft's motion seeking reconsideration of the District Court's damages measure, as well as its alternative motion for partial summary judgment concerning the interpretation of the measure.

      6.     In 1999, the SPP administrator denied the Class Members' claim for SPP eligibility. The Class Members appealed, and the plan's administrative committee denied the appeal in a determination finalized on October 1, 1999. The issue therefore became

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING   4

ready for judicial review by the United States District Court, but it has not been argued or decided at the time of the Settlement Agreement.

7.     Defendants denied all allegations made by Named Plaintiffs in the Litigation, maintaining the Class Members have been properly classified and that Microsoft's employee benefit plans and programs do not cover Class Members. By entering into the Settlement Agreement, they have not admitted they engaged in any unlawful conduct as alleged by the Plaintiffs in the Litigation.

8.     The Named Plaintiffs and Defendants recognize that to continue the Litigation would delay the resolution of the Litigation for a considerable time (likely several additional years), would create additional burdens and costs for the Parties, and would present uncertainty and risks for all Parties as to the ultimate outcome of the Litigation. To avoid the uncertainty, risks, delays, and burdens of further litigation, the Class and Defendants have agreed to enter the Settlement Agreement.

9.     Since 1997, Microsoft has made important changes in its staffing and worker classification practices. In its most recent fiscal year, Microsoft hired over 3,000 Class Members as its W-2 employees entitled to participate in its employee benefit plans and programs. It has adopted practices to ensure the proper classification of independent contractors, temporary agency employees, and other staff, including a comprehensive review of practices regarding independent contractor classifications which took place in 1997. It has conducted reviews of ongoing work and has instituted practices designed to limit the length of temporary agency employees' assignments.

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 5

## II.  DESCRIPTION OF THE CLASS

1.      "Class Members" are all individuals who, during the period from December 29, 1986 through June 30, 2000, have provided personal services to Microsoft in the United States while classified as Independent Contractors or employees of third-party employment agencies.  The term "Class Members" excludes (1) persons designated as "vendors" or "v-" workers who were not also classified as Independent Contractors or employees of third-party employment agencies at any time during the period from December 29, 1986 to June 30, 2000, and (ii) individuals who properly request exclusion from the class prior to the Exclusion Date pursuant to the procedures specified in this Notice.  The term "Class Members" includes the Named Plaintiffs.

2.      "Independent Contractors" refers to individuals or sole proprietors (not corporations, partnerships, LLCs, or any other legal business entity) who (1) provided personal services to Microsoft similar to services contemporaneously provided by W-2 Microsoft employees, (2) worked in dedicated Microsoft office space, (3) received income that was reported by Microsoft on an IRS Form 1099 and, (4) while providing personal services to Microsoft, employed no W-2 employees of their own.  As of December 31, 1997, Microsoft changed its practices regarding Independent Contractors. Accordingly, any individual or sole proprietor on assignment for Microsoft after December 31, 1997 is presumptively not a Class Member and will only be a considered a Class Member for periods after that date for which he or she provides documentation to the Settlement Administrator establishing that he or she provided personal services to Microsoft similar to services contemporaneously provided by W-2 Microsoft employees, worked in dedicated Microsoft office space, received income that was reported by

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 6

Microsoft on an IRS Form 1099 and, while providing personal services to Microsoft, employed no W-2 employees of his or her own.

## III.  SUMMARY OF THE TERMS OF THE SETTLEMENT

1.      The Court granted preliminary approval of the Settlement Agreement on December 12, 2000.  This notice provides only a summary of the principal provisions of the Settlement Agreement.  The full and precise terms of the proposed settlement are contained in the "Settlement Agreement" filed with the Court on December 12, 2000. *The actual agreement determines your rights, not this summary.*  More detailed information concerning the matters described in this notice may be obtained from pleadings, orders, other proceedings and other documents filed in the Litigation, which may be inspected free of charge during regular business hours at the Office of the Clerk, United States District Court for the Western District of Washington, 215 U.S. Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104.  Copies of the Settlement Agreement can be obtained at Class Counsel's website, www.bs-s.com or can be obtained by written request to the Microsoft Settlement Administrator at P.O. Box 4390, Beaverton, OR  97208-4390.

2.      The Settlement provides for the compromise and settlement of all claims and causes of action in the Litigation and claims for all compensation or benefit-based claims relating to any Class Member's status other than as a W-2 Microsoft employee for services performed on or before June 30, 2000.

3.      If the Settlement is fully and finally approved by the Court, Microsoft will pay into an interest-bearing Escrow Account the amount of $96,885,000 – less certain deductions related to costs incurred in the Settlement process – which includes all

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 7

monetary compensation to Qualified Class Members, attorneys' fees, costs, expenses of litigation, payments to the Named Plaintiffs, costs of administration of the Fund, settlement costs, and costs of claims processing.

4.     The Settlement described in this notice is conditional. In the event certain percentages (as described in the Settlement Agreement) of the Class exclude themselves from the Litigation, Defendants may withdraw fully from and terminate the Settlement, and the Settlement Agreement shall become null and void. In that instance, the Litigation shall resume as if there had not been a settlement.

5.     If the Court finally approves the Settlement as being fair and reasonable, the $96.885 million Fund and any interest thereon, less charges of the settlement administrator, the escrow agent and claims administrator are to be distributed as follows:

(a)     **Attorneys' Fees**. Since 1990, Class Counsel have invested substantial time, on a priority basis, to protect and prosecute the class claims asserted in this case. In recognition of their efforts, expenses, risks, and performance, counsel who generate a monetary recovery for the benefit of the class generally are entitled to an award of attorneys' fees representing a reasonable percentage of the past and future value of the monetary relief obtained for the benefit of the class. Class Counsel have applied to the Court for approval of an award of attorneys' fees of twenty-eight percent (28%) of the Fund. Class Counsel submitted a memorandum and materials to the Court in support of this percentage, and the Court granted preliminary approval of Class Counsel's fee request. The attorneys' fees award will, with the remainder of the Settlement Agreement, be subject to final approval by the Court at the Class Settlement Hearing.

(b)    **Named Plaintiffs**.  The Settlement provides for individual incentive

payments for their participation as class representatives of $25,000 each for the *Vizcaino*

Named Plaintiffs, Donna Vizcaino, Jon R. Waite, Mark Stout, Geoffrey Culbert, Lesley

Stuart, Thomas Morgan, Elizabeth Spokoiny and Larry Spokoiny, and $7,500 each for

the *Hughes* Named Plaintiffs, Rebecca Hughes, Karen Jacobson, Anita Zuidweg, Michael

Schramm, Roberta Wilson, John Schussler, Richard Pauli, Jim Emerson, Steven

Fulgham, and Mehdi J. Beygi.  In addition, the Settlement Agreement provides for six

*Vizcaino* Named Plaintiffs, Donna Vizcaino, Jon R. Waite, Mark Stout, Elizabeth

Spokoiny, Larry Spokoiny and Thomas Morgan, to receive an additional $40,000 each, as

payment for additional work, participation, and time loss from employment from 1989

and thereafter.  The Named Plaintiffs will also receive *pro rata* shares from the Fund,

based on their total service on assignment for Microsoft.

(c)    ***Pro Rata* Payments to Qualifying Class Members**.  The balance

remaining in the Fund, including any accrued interest, after payment to Class Counsel

and the Named Plaintiffs and to pay expenses of the settlement administrator, the escrow

agent, and claims administration will be distributed *pro rata* to Qualifying Class

Members who submit timely claims ("Qualifying Claimants") in accordance with the

following Plan of Distribution.  (*Pro rata* means each Qualifying Claimant's share of the

gains and interest (numerator) as a fraction of the total of all Qualifying Claimants' gains

and interest (denominator) multiplied by the Fund balance.)

(1)    To be a Qualifying Class Member, an individual must be a Class

Member and (a) meet certain requirements regarding consecutive months of Eligible

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 9

Service and (b) have met the requirements for one or more Eligible Periods. These terms and further requirements are specified below.

(2)     To be a Qualifying Class Member, a Class Member must have worked at least nine consecutive months in which he or she performed 80 or more hours of Eligible Service per month.

(3)     "Eligible Service" means, as applied to a particular Class Member, all hours from January 1, 1987 through June 30, 2000 during which that Class Member provided personal services for Microsoft while classified as an Independent Contractor or an employee of a third-party employment agency.  For example, a Class Member could have nine Consecutive Months of Eligible Service if (a) paid through one third-party employment agency for 9 months; (b) paid through one third-party employment agency for 3 months and then paid thereafter through a second third-party employment agency for 6 months; (c) paid as an Independent Contractor for 6 months and then paid thereafter through a third-party employment agency for 3 or more months; or (d) paid for 9 months with purchase orders or invoices as an Independent Contractor.  In each example above, the Class Member provided nine or more months of Eligible Service for Microsoft. There are other possible combinations and the above are examples.

(4)     "Eligible Periods" means those six-month Offering Periods in which a Class Member who was on assignment for Microsoft at the beginning and the end of the Offering Period worked 750 hours or more of Eligible Service or was paid as a Microsoft W-2 employee, but only for the months as a Microsoft W-2 employee during which he or she was first excluded from the ESPP during a partial Offering Period of initial Microsoft W-2 employee service because the person's service as a Class Member

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 10

was not considered in permitting ESPP enrollment at the beginning of that Offering
Period. Thus, if a Class Member became a Microsoft W-2 employee during an offering
period, the Microsoft W-2 employee time from that date to the end of the offering period
would be eligible. "Eligible Periods" includes the six-month Offering Periods during the
time from January 1, 1987, up to and including June 30, 2000. "On assignment for
Microsoft at the beginning and end of the Offering Period" means that the Class Member
performed Eligible Service within the first week of the Offering Period (January 1-8 or
July 1-8) and the last week of the Offering Period (June 23-30 or December 24-31). In
addition, if a Class Member had Eligible Service in two consecutive Offering Periods,
that Class Member will be treated as being on assignment for Microsoft at the end of the
first such Offering Period and at the beginning of the second such Offering Period if: (i)
the two Offering Periods involved occurred before 1998, and there is no greater than a
28-day gap in which the Class Member has no Eligible Service between the last day of
Eligible Service in the first Offering Period and the first day of Eligible Service in the
second Offering Period; or (ii) one or both of the Offering Periods involved occurred
during or after 1998 and there is no greater than a 33-day gap in which the Class Member
has no Eligible Service between the last day of Eligible Service in the first Offering
Period and the first day of Eligible Service in the second Offering Period.

     (5)    Offering Periods before 1999. The payment formula for Offering
Periods before 1999 for Qualifying Class Members' Eligible Periods is based on the
damages measure in the Court's Order of October 5, 1998 (see Section I, ¶5). For each
such Eligible Period for each Qualifying Class Member, the compensation amount of the
Qualifying Class Member will be determined by dividing that Qualifying Class

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 11

Members' Eligible Service for that Offering Period by 1,040 (full-time hours for six months) and multiplying that number by $27,000 (half the annual Average Compensation), provided that the maximum compensation amount in any one Offering Period is $27,000. That compensation amount then will be multiplied by the Average Participation Rate, yielding the amount of compensation to be applied for that Offering Period for the Qualifying Class Member. That compensation amount will then be applied to an imputed purchase of shares of Microsoft stock at the ESPP Price for that Offering Period, including fractional shares. The difference between (i) the compensation amount applied and (ii) the most recent closing price on the NASDAQ exchange exactly one year after the last day of the Offering Period involved times the imputed number of shares (as adjusted for stock splits), is the Qualifying Class Member's assumed investment gain for that Offering Period. The Qualifying Class Member's assumed investment gain for that Offering Period will then have interest applied to it at the Washington State prejudgment interest rate, 12% per annum simple interest, from the date one year after the last day of the Offering Period involved through June 30, 2000.

       (6)    Offering Periods in and after 1999. The payment formula for Offering Periods beginning in or after 1999 shall be as follows, to avoid the adverse effect of post-1999 changes in the price of Microsoft stock under the calculation method described in the above paragraph. For each Eligible Period in and after 1999 for each Qualifying Class Member, the compensation of the Qualifying Class Member will be determined by dividing that Qualifying Class Members' Eligible Service for that Offering Period by 1,040 (full-time hours for six months) and multiplying that number by $27,000 (half the annual Average Compensation), provided that the maximum compensation

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 12

amount in any one Offering Period is $27,000. That compensation amount then will be
multiplied by the Average Participation Rate, yielding the amount of compensation to be
applied for that Offering Period for the Qualifying Class Member. That compensation
amount will then be applied to an imputed purchase of shares of Microsoft stock at the
ESPP Price for that Offering Period, including fractional shares. The difference between
(i) the compensation amount applied and (ii) the most recent closing price on the
NASDAQ exchange as of the last day of the Offering Period involved times the imputed
number of shares (as adjusted for stock splits), is the Qualifying Class Member's
assumed investment gain for that Offering Period. The Qualifying Class Member's
assumed investment gain for that Offering Period will then earn interest at the
Washington State prejudgment interest rate, 12% per annum simple interest, from the last
day of the Offering Period involved through June 30, 2000.

## IV.  EFFECTS OF THE SETTLEMENT ON CLASS MEMBERS

*Except as to excluded individuals, if this Settlement is finally approved by the
Court, you cannot bring any other lawsuit against any Defendant upon any Claim made
or which could have been made in connection with the complaints filed in these settled
actions. All such Claims are released and forever barred under the Settlement.*

## V.  YOUR RIGHTS AS A CLASS MEMBER

### 1.    TO SHARE IN THE PROPOSED SETTLEMENT (IF ENTITLED)

**YOU DO NOT HAVE TO DO ANYTHING AT THIS TIME.** If you do not exclude
yourself from the Class and Settlement, you will be represented by the attorneys for the
Class, but you will not personally have to pay them any fees or expenses, and you will be
bound by the terms of the Settlement. Any fees or expenses paid to the attorneys for the

Class will be come out of the Settlement Fund, as approved by the Court, and will not be paid by you personally.

2.     If the Settlement is finally approved by the Court, you will be sent a claim form at a later date to complete and return.

3.     If the address to which this notice is mailed is not your correct address, or if your address changes following the mailing of this notice, please send your corrected address to Microsoft Settlement Administrator, P. O. Box 4390, Beaverton, Oregon, 97208-4390.

4.     Request for Exclusion.  You have the right to be excluded from the Class. If you exclude yourself from the Class and Settlement, you will not be eligible for any monetary payment from the Settlement Fund, you will not be bound by the Settlement or have any right to object to or appeal from the Settlement.  Further, if you exclude yourself from the Class and Settlement, and wish to pursue any claims you may have against the Defendants, you must bring, or be represented in, a separate lawsuit against the Defendants.  If you want to be excluded from the Class and Settlement, you must send a signed and dated written request to be excluded, which must be notarized or certified under penalty of perjury, and which must be received no later than January 26, 2001 at the following address:  Clerk of the Court c/o Microsoft Settlement Administrator, P.O. Box 4390, Beaverton, Oregon 97208-4390, or 10300 S.W. Allen Blvd., Beaverton, Oregon 97005-4833.

5.     The exact sum of money to which each Qualifying Claimant will be entitled to under this Settlement is unknown because the amount cannot be calculated

until all claims are filed and the costs of the settlement, escrow agent, and claims administration are determined.

## VI.  SETTLEMENT HEARING

1.     IF YOU HAVE NO OBJECTION TO THE PROPOSED SETTLEMENT OR TO THE APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS, YOU NEED NOT APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION AT THIS TIME.

2.     Settlement Hearing.  On December 12, 2000, the Settlement Agreement was presented to the Court.  The Court has preliminarily approved the Settlement and has scheduled further proceedings under the Federal Rules of Civil Procedure to determine whether the Settlement should be approved finally as being fair and reasonable.

Accordingly, this Notice is to inform you of the compromise and settlement and also to inform you that this Court will conduct a hearing at 9:30 a.m. on February 27, 2001, in the Courtroom of the Honorable John C. Coughenour, United States Courthouse, 1010 Fifth Avenue, Seattle, Washington  98104, to consider the view of those who object to or support the Settlement, or the application for fees and expenses of the Class Counsel.

3.     Settlement Hearing Procedure.  If the Settlement is finally approved, it will be binding upon all Class Members.  Although you need not do so, you may also appear at the Settlement Hearing personally to show cause, if there is any, why the proposed settlement should not be approved as fair and reasonable or why the application for attorneys' fees, expenses and costs should be denied.  You may also appear in support of the settlement.  If you elect to appear through an attorney, other than the attorneys

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 15

representing the class, for the purpose of objection or otherwise, you must do so at your own expense. You will not be heard at the Settlement Hearing and no papers or briefs will be considered by the Court unless you file a written specification of the precise nature of your objections and any related papers or briefs, and a statement of whether you or your attorney intend to appear with the Clerk of this Court; all such papers must be received by January 26, 2001, by the Clerk of this Court, United States District Court for the Western District of Washington, 215 United States Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104. Copies of the papers also must be received by January 26, 2001, at Class Counsel's office and Defendants' Counsel's office at the following addresses:

| | |
|---|---|
| Class Counsel: | Defendants' Counsel: |
| Bendich, Stobaugh & Strong, P.C. | Preston, Gates & Ellis |
| 900 Fourth Avenue, Suite 3800 | c/o P.O. Box 2806 |
| Seattle, WA 98164 | Seattle, WA 98111 |

4.      Papers filed by you or your attorney should include the caption *Vizcaino v. Microsoft Corp*, Civil Action No. C93-0178C. If, in addition to submitting a written objection, you or your attorney wish to appear at the Settlement Hearing, that is permissible, but only if you have timely filed a written notice of intention to appear and object. If you wish to object and you have any questions as to how to comply with any of these procedures, you may *write* to Class Counsel at the above address. Please do not call Class Counsel.

5.      If the settlement is not approved by the Court, the settlement will be voided, no money will be paid under the Settlement, and the case will proceed through further litigation. If that happens, there is no assurance that further Court decisions

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND SETTLEMENT HEARING – 16

would be as favorable to Class Members as this settlement or that favorable Court

decisions would be upheld if any appeal was filed.

## OTHER MATTERS

**DO *NOT* CONTACT THE COURT CLERK'S OFFICE, COUNSEL FOR THE DEFENDANTS, OR THE DEFENDANTS.  A COPY OF THE SETTLEMENT AGREEMENT MAY BE OBTAINED AT WWW.BS-S.COM OR FROM THE SETTLEMENT ADMINISTRATOR. *AFTER* READING THE NOTICE *AND* THE SETTLEMENT AGREEMENT, IF YOU HAVE ANY QUESTIONS ABOUT THIS MATTER, ANY QUESTIONS SHOULD BE DIRECTED *IN WRITING* TO THE ATTORNEYS FOR THE CLASS:**

**BENDICH, STOBAUGH & STRONG, P.C.**
**900 FOURTH AVENUE, SUITE 3800**
**SEATTLE, WA  98164**

This notice is given with the approval and at the direction of the

Honorable John C. Coughenour, Judge.

Bruce Rifkin, Clerk
United States District Court
For the Western District of Washington, at Seattle

DATED:  December 12, 2000.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONNA VIZCAINO, et al., | No. C93-0178C |
| Plaintiffs, | |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |
| REBECCA HUGHES, et al. | No. C98-1646C |
| Plaintiffs, | |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

## PUBLISHED NOTICE

**ATTENTION:**      **IMPORTANT NOTICE OF CLASS ACTION SETTLEMENT
AND FAIRNESS HEARING**

**TO:**      **ALL INDIVIDUALS WHO, DURING THE PERIOD FROM
DECEMBER 29, 1986 TO JUNE 30, 2000, HAVE PROVIDED PERSONAL
SERVICES TO MICROSOFT WHILE CLASSIFIED AS EMPLOYEES OF
THIRD-PARTY EMPLOYMENT AGENCIES OR INDEPENDENT
CONTRACTORS**

YOU ARE NOTIFIED that a hearing will be held at 9:30 a.m. on Tuesday, February 27,
2001, before the Honorable John C. Coughenour at the United States Courthouse, 1010
Fifth Ave., Seattle, WA 98104. The purpose of the hearing is to determine whether:

PUBLISHED NOTICE – 1

(1) the proposed Settlement of the above-captioned class action for $96.885 million dollars should be approved by the Court as fair and reasonable; (2) this Class Action should be dismissed on the merits and with prejudice as set forth in the Settlement Agreement on file with this Court; (3) the proposed Plan of Distribution of the class action settlement proceeds should be approved; and (4) the reasonable attorneys' fees incurred in connection with this litigation should be paid to class counsel, and, if so, the amount thereof.

If you are a class member, your rights may be affected by the litigation and this settlement. If you have not received a detailed printed Notice of Proposed Settlement and Settlement Hearing, you may obtain a copy at the web site of Class Counsel, www.bs-s.com, or by writing to the settlement administrator:

> Microsoft Settlement Administrator
> P.O. Box 4390
> Beaverton, OR 97208-4390

You may also contact the settlement administrator by express delivery:

> Microsoft Settlement Administrator
> 10300 S.W. Allen Blvd.
> Beaverton, OR 97005-4833

If you desire to be excluded from the Class and Settlement, your written request for exclusion must be received by January 26, 2001 in the manner and form explained in the detailed Notice referred to above. All members of the Class who have not timely requested exclusion from the Class and Settlement will be bound by any judgment entered in the litigation pursuant to the Settlement Agreement.

If you object to the settlement, the plan of distribution, or Class Counsel's application for fees and expenses and seek to have the Court consider your objection, you must serve and file an objection with the Court. To object, on or before January 26, 2001 you must file your objections in writing with the Clerk of the United States District Court for the Western District of Washington, 1010 Fifth Avenue, Seattle, WA 98104 and serve copies of these papers upon both class counsel and defendants' counsel at the addresses listed below:

| Class Counsel: | Defendants' Counsel: |
|---|---|
| Bendich Stobaugh & Strong, P.C. | Preston, Gates & Ellis |
| 900 Fourth Avenue, Suite 3800 | c/o P.O. Box 2806 |
| Seattle, WA 98164 | Seattle, WA 98111 |

The objections must include the case names and cause numbers, your name, address, and telephone number. If you file objections and want to appear at the settlement hearing,

PUBLISHED NOTICE – 2

you must so indicate in your written objections.

**DO NOT TELEPHONE THE COURT, MICROSOFT, DEFENDANTS' COUNSEL, OR CLASS COUNSEL REGARDING THIS NOTICE.**

Dated:   December 12, 2000.

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, THE HONORABLE JOHN C. COUGHENOUR.

PUBLISHED NOTICE – 3

1

2
The Honorable John C. Coughenour

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9

| DONNA VIZCAINO, et al., | |
|---|---|
| Plaintiffs, | No. C93-0178C |
| v. | ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |
| REBECCA HUGHES, et al., | |
| Plaintiffs, | No. C98-1646C |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

20      Having considered the joint motion of Plaintiffs and Defendants for preliminary approval of

21   their Class Action Settlement Agreement and Plaintiffs' counsel's application for an award of

22   attorney's fees, as well as related documents submitted for the Court's review and approval, it is

23   hereby ORDERED:

24      1.      **Proposed Settlement and Notice**.  The proposed settlement between the Named

25   Plaintiffs, the class, and the Defendants appears, upon preliminary review, to be a fair and

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 1

1   reasonable compromise of the claims in the above-entitled actions. The Court finds that

2   transmission by mail of the notice in substantially the form attached hereto as Attachment A to all

3   members of the Class who can be ascertained with reasonable effort, and publication of the notice

4   substantially in the form attached hereto as Attachment B twice in the Seattle Times, The News

5   Tribune, and the San Francisco Examiner will satisfy the requirements of Federal Rule of Civil

6   Procedure 23 and Due Process with respect to all Class Members.

7        2.    **Attorney's Fees.** Class counsel's application for attorney's fees appears, on

8   preliminary review, to be within the range of reasonableness.

9        3.    **Exclusion.** Class Members may exclude themselves from the Class by receipt with

10   the Clerk of the Court c/o Microsoft Settlement Administrator by January 26, 2001 a written request

11   for exclusion, such written request to be signed, dated, and notarized or certified under penalty of

12   perjury.

13        4.    **Hearing.** A hearing shall be held in the Courtroom of the Honorable John C.

14   Coughenour, United States District Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104, at

15   9:30 a.m., on Tuesday, February 27, 2001, to consider whether the settlement should be given final

16   approval.

17           (a)    Objections by class members (who do not timely elect to exclude themselves)

18   to the proposed settlement will be considered if filed in writing with the Clerk and with the

19   parties' attorneys on or before January 26, 2001.

20           (b)    At the hearing, class members may be heard in support of or in opposition to

21   the settlement, provided such persons file with the Clerk by January 26, 2001, and with the

22   parties' counsel a written notification of the desire to appear personally, indicating (if in

23   opposition to the settlement) briefly the nature of the objection.

24

25

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 2

1           (c)     Counsel for the class and for the defendants should be prepared at the hearing

2 to respond to objections filed by class members and to provide other information, as

3 appropriate, bearing on whether or not the settlement should be approved.

4     5.    **Notice**.

5           (a)     The parties to the proposed settlement shall by December 22, 2000 cause to be

6 mailed in the name of the Clerk by first class mail, postage prepaid, to members of the class

7 who can be identified through reasonable efforts, a notice in substantially the same form as

8 Attachment A.

9           (b)     Notice of the proposed settlement (and of the rights of class members to

10 object to the settlement) shall also be given by publication in substantially the same form as

11 Attachment B.

12     6.    **Settlement Administrator**.  The Court approves the appointment of Poorman-

13 Douglas, Inc. to administer the process for the mailed and published notices and collecting requests

14 for exclusion, as provided in the parties' Settlement Agreement.

15     7.    **List of Persons Requesting Exclusion**.  The Settlement Administrator will file with

16 the Clerk (with a copy to each party's attorney) by February 5, 2001 an affidavit identifying the

17 persons who have requested exclusion, together with copies of their written requests. The

18 Settlement Administrator will provide requests for exclusion to the parties' counsel as provided in

19 the parties' Settlement Agreement.

20     8.    The Settlement Administrator will file with the Clerk (with a copy to each party's

21 attorney) by February 16, 2001, an affidavit (a) identifying the persons to whom notice has been

22 mailed and who have not timely requested exclusion, and (b) describing the steps the Settlement

23 Administrator has taken to comply with the notice procedures required by this order.

24

25

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 3

1    Dated this _____ day of December, 2000.

2

3

4                                          JOHN C. COUGHENOUR
                                           United States District Judge

5

6    Presented by:

7    PRESTON GATES & ELLIS LLP

8

9    By_____
          Fredric C. Tausend, WSBA #03148
10   Attorneys for Defendants

11   Presented by:

12   BENDICH, STOBAUGH & STRONG

13

14   By_____
          David F. Stobaugh, WSBA #6396
15        Stephen K. Strong, WSBA #6299
16   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 4

1

2                                                                    The Honorable John C. Coughenour

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9
    DONNA VIZCAINO, et al.,
10                                                    No. C93-0178C
                                   Plaintiffs,
11                                                    ORDER PRELIMINARILY APPROVING
         v.                                           CLASS ACTION SETTLEMENT
12
    MICROSOFT CORPORATION, et al.,
13
                                   Defendants.
14
    REBECCA HUGHES, et al.,
15
                                   Plaintiffs,        No. C98-1646C
16       v.

17  MICROSOFT CORPORATION, et al.,

18                                 Defendants.

19

20          Having considered the joint motion of Plaintiffs and Defendants for preliminary approval of

21  their Class Action Settlement Agreement and Plaintiffs' counsel's application for an award of

22  attorney's fees, as well as related documents submitted for the Court's review and approval, it is

23  hereby ORDERED:

24          1.      **Proposed Settlement and Notice**.  The proposed settlement between the Named

25  Plaintiffs, the class, and the Defendants appears, upon preliminary review, to be a fair and

26

    ORDER PRELIMINARILY APPROVING
    CLASS ACTION SETTLEMENT - 1

reasonable compromise of the claims in the above-entitled actions. The Court finds that transmission by mail of the notice in substantially the form attached hereto as Attachment A to all members of the Class who can be ascertained with reasonable effort, and publication of the notice substantially in the form attached hereto as Attachment B twice in the Seattle Times, The News Tribune, and the San Francisco Examiner will satisfy the requirements of Federal Rule of Civil Procedure 23 and Due Process with respect to all Class Members.

2.    **Attorney's Fees.** Class counsel's application for attorney's fees appears, on preliminary review, to be within the range of reasonableness.

3.    **Exclusion.** Class Members may exclude themselves from the Class by receipt with the Clerk of the Court c/o Microsoft Settlement Administrator by January 26, 2001 a written request for exclusion, such written request to be signed, dated, and notarized or certified under penalty of perjury.

4.    **Hearing.** A hearing shall be held in the Courtroom of the Honorable John C. Coughenour, United States District Courthouse, 1010 Fifth Avenue, Seattle, Washington 98104, at 9:30 a.m., on Tuesday, February 27, 2001, to consider whether the settlement should be given final approval.

(a)    Objections by class members (who do not timely elect to exclude themselves) to the proposed settlement will be considered if filed in writing with the Clerk and with the parties' attorneys on or before January 26, 2001.

(b)    At the hearing, class members may be heard in support of or in opposition to the settlement, provided such persons file with the Clerk by January 26, 2001, and with the parties' counsel a written notification of the desire to appear personally, indicating (if in opposition to the settlement) briefly the nature of the objection.

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 2

(c)     Counsel for the class and for the defendants should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

5.     **Notice**.

(a)     The parties to the proposed settlement shall by December 22, 2000 cause to be mailed in the name of the Clerk by first class mail, postage prepaid, to members of the class who can be identified through reasonable efforts, a notice in substantially the same form as Attachment A.

(b)     Notice of the proposed settlement (and of the rights of class members to object to the settlement) shall also be given by publication in substantially the same form as Attachment B.

6.     **Settlement Administrator**.  The Court approves the appointment of Poorman-Douglas, Inc. to administer the process for the mailed and published notices and collecting requests for exclusion, as provided in the parties' Settlement Agreement.

7.     **List of Persons Requesting Exclusion**.  The Settlement Administrator will file with the Clerk (with a copy to each party's attorney) by February 5, 2001 an affidavit identifying the persons who have requested exclusion, together with copies of their written requests. The Settlement Administrator will provide requests for exclusion to the parties' counsel as provided in the parties' Settlement Agreement.

8.     The Settlement Administrator will file with the Clerk (with a copy to each party's attorney) by February 16, 2001, an affidavit (a) identifying the persons to whom notice has been mailed and who have not timely requested exclusion, and (b) describing the steps the Settlement Administrator has taken to comply with the notice procedures required by this order.

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 3

1    Dated this _____ day of December, 2000.

2

3                                          _____
4                                          JOHN C. COUGHENOUR
                                           United States District Judge
5

6    Presented by:

7    PRESTON GATES & ELLIS LLP

8

9    By_____
        Fredric C. Tausend, WSBA # 03148
10   Attorneys for Defendants

11   Presented by:

12   BENDICH, STOBAUGH & STRONG

13

14

15   By_____
        David F. Stobaugh, WSBA #6396
        Stephen K. Strong, WSBA #6299
16   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT - 4