HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA VIZCAINO, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> MICROSOFT CORPORATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. C93-0178C <br><br> AGREED ORDER APPROVING DISTRIBUTION PLAN AND SERVICE PROVIDER FEES |

This matter came before the Court for (1) approval of the Settlement Administrator's plan for distribution of $72,136,717.91 to 8,558 Qualifying Class Members and (2) approval of service provider fees and costs for administration of the settlement.

The Court considered the submissions of the Settlement Administrator, Custodial Agent, Tax Advisors, and Auditor and finds as follows:

The Settlement Agreement provides for establishment of a Settlement Fund in the amount of $96.885 million. The Agreement provides for administration of the Fund by a custodian and claims processing by a settlement administrator and provides for distribution from the Fund for Named Plaintiffs' incentive awards and Class Counsel's fees.

The Fund previously disbursed $532,124, including accrued interest, to the Named Plaintiffs in accordance with the Agreement. The Fund previously disbursed 75% of Class Counsel's fees plus accrued interest, $20,817,096.71, in accordance with the Agreement.

Since its inception, the Class Member portion of the Fund disbursed $1,229,590.58 for settlement administration and $1,260,547.76 for taxes and other IRS-related fees, a total of $2,490,138.34. The Class Member portion of the Fund earned $4,446,909 in interest as of July 31, 2005, and is currently invested in Treasury Bills which mature and are payable on October 13, 2005 in the amount of $72,651,640.89. As of October 13, 2005, when the T-Bills mature, the total income to the Class Fund will be $6,290,604.20.

There are additional fees for services due and estimated fees to complete the distribution process as follows:

| | |
|---|---:|
| Victory Capital | $ 14,752.17 |
| Damasco and Associates | 25,322.74 |
| PriceWaterhouseCoopers | 42,833.95 |
| Rust Consulting | 209,958.71 |
| | $292,867.57 |

The estimated 2005 income tax liability on the Class Member Fund is $222,051.74.

Thus, the actual and estimated fees, costs, and taxes assessed against the Class Member Fund after deduction of fees, costs, and taxes assessed against the Class Member Fund total $3,005,057.65. The income to the Class Member Fund after deduction of fees, costs, and taxes is $3,285,546.55.

The actual and estimated fees and costs for service providers are reasonable and should be approved.

The Settlement Administrator submitted a report and supplemental reports to the Court. The reports identify individuals who filed claims whose claims were denied and the reasons for the denial. The reports identify by the individual's claim number each Qualified Class Member who will receive a payment from the Class Member Fund. The reports, Supp. Ex. p. 1, specify each component of the Qualifying Class Member's award, the benefit amount and the interest amount, the amount of the employer and employee payroll taxes that will be withheld in accordance with the Settlement Agreement and the IRS Closing Agreement, and the net amount

of the check to the Qualifying Class Member. The second supplemental report further states that the gross amount of all Qualifying Class Members' awards was $92,730,063.44, the prorated percentage is .7779216 and the report explains the calculation of the Qualifying Class Member's share of the Class Member Fund.

PriceWaterhouseCoopers verified the processes used by the Settlement Administrator, the calculation of the payroll tax withholding and the amount payable to Qualifying Class Members.

The report describes the security features for distribution of the Class Member Fund. The Declaration of Kim Schmidt, regarding the Settlement Administrator's costs to complete the settlement administration, explains the steps the Settlement Administrator will take to locate a Qualifying Class Member who does not cash his or her check within the 180-day check-cashing period, including use of a private investigator if the payment exceeds $5,000, with the cost deducted from the claimant's payment amount.

The claims process was conducted in compliance with the Settlement Agreement. The Settlement Administrator's plan of distribution complies with ¶100 of the Settlement Agreement, and the distribution should be approved.

It is ordered:

1. The Settlement Administrator's plan of distribution to Qualifying Class Members is approved.

2. The Class Member Fund in the amount of $72,136,717.91, less payroll taxes, shall be distributed to the 8,558 Qualifying Class Members in accordance with the amounts stated in the Settlement Administrator's reports filed with the Court.

3. The Settlement Administrator shall make reasonable efforts, as stated in the Declaration of Kim Schmidt, to locate Qualifying Class Members who do not cash their payments by the 180-day expiration date. If a payment exceeds $5,000 and the claimant has still not been located, the Settlement Administrator is authorized to retain a private investigator to

locate the Qualifying Class Member with the cost deducted from the Qualifying Class Member's payment amount.

    4.    All undeliverable and/or unclaimed checks shall be disbursed pursuant to the Settlement Agreement, ¶108.

    5.    The fees and costs of the service providers which have been disbursed from the Class Member Fund are approved.

    6.    The balance of fees and costs due and the estimated fees and costs of the service providers for completion of settlement administration are approved as follows:

| | |
|---|---|
| Victory Capital | $ 14,752.17 |
| Damasco and Associates | 25,322.74 |
| PriceWaterhouseCoopers | 42,833.95 |
| Rust Consulting | 209,958.71 |
| | $292,867.57 |

    7.    On or after October 14, 2005, the Custodial Agent shall pay Victory Capital, PriceWaterhouseCoopers, Damasco and Associates, and Rust Consulting their fees and costs actually invoiced. The Custodial Agent shall continue to pay Damasco and Associates and Rust Consulting thereafter for their monthly fees and costs actually invoiced but not greater than the amounts in paragraph 6 above.

    8.    In the event any service provider's actual fees and costs are less than their estimated fees and costs, the balance shall be disbursed pursuant to the Settlement Agreement, ¶108.

    9.    The Custodial Agent is authorized to disburse federal income taxes due on the Fund for 2005 and, if any taxes are due, for 2006. Tax refunds, if any, shall be disbursed pursuant to the Settlement Agreement, ¶108.

    10.    The period for any further disputes or claims by individual class members concerning their eligibility and/or the amount that he/she is entitled to receive is closed. No further disputes or claims regarding an individual's eligibility and/or amount of award will be

considered.

11.     All disputed claims concerning eligibility and/or the amount of compensation from the Class Member Fund are resolved and final.

DATED: September 30th, 2005.

_____
JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

\ms\6-79k.doc

AGREED ORDER APPROVING DISTRIBUTION PLAN
AND SERVICE PROVIDER FEES - 5